IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAY S. PETERSON and DEBORAH K. PETERSON,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>HAMILTON MORTGAGE COMPANY, et al.,<br><br>　　　　　Defendants. | 8:13-CV-115<br><br>MEMORANDUM AND ORDER |

　　　This matter is before the Court on the suggestion of bankruptcy filed by two of the defendants, HomeComings Financial LLC and GMAC Mortgage (filing 10). NEGenR 1.5(a)(1) provides that

> [u]pon the filing of a suggestion in bankruptcy, or other notification that a party to a civil case is a debtor in a bankruptcy case, the entire case is referred to the bankruptcy court for further action. Under this rule, the matter is referred to the bankruptcy court even if the suggestion of bankruptcy states the bankruptcy proceeding was initiated in another district. The bankruptcy judge requests status reports from the parties. After reviewing the status reports, the bankruptcy judge determines whether the case should proceed in bankruptcy court or be returned to district court. If the case is to be returned to district court, the bankruptcy judge files a report and recommendation concerning withdrawal of the reference. The report includes a recommendation regarding the necessity of the debtor's participation in the case, and, if appropriate, the bankruptcy judge enters an order in the bankruptcy case granting relief from the automatic stay to allow the case to proceed with the debtor as a party.

NEGenR 1.5(a)(1) is quite clear. The purpose of the rule is equally clear: if relief from the bankruptcy stay is available, as to the debtor or any other parties, then that determination should be made by the bankruptcy court in

the first instance. Accordingly, this case will be referred to the United States Bankruptcy Court.

The Court notes the defendants' argument that the automatic bankruptcy stay has already been modified to some extent, but that the plaintiffs' claims in this case remain subject to the stay. Filing 10 at 2-3. The Court also notes the dubious nature of the plaintiffs' claims. *Compare In re Anthony*, 481 B.R. 602 (D. Neb. 2012). But the automatic bankruptcy stay precludes the Court from exercising jurisdiction over the merits of the plaintiffs' claims. *See generally* 11 U.S.C. § 362(a)(1) and (6). And the present scope of the bankruptcy stay should be determined by the bankruptcy court.

IT IS ORDERED:

1. This case is referred to the United States Bankruptcy Court of the District of Nebraska pursuant to NEGenR 1.5(a)(1);

2. The Clerk of the United States District Court for the District of Nebraska shall close this case for statistical purposes; and

3. The Clerk of the United States District Court for the District of Nebraska shall deliver, or send electronically, the Court file to the Clerk of the Bankruptcy Court for the District of Nebraska.

Dated this 3rd day of May, 2013.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
United States District Judge