IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAY S. PETERSON and DEBORAH K. PETERSON,<br><br>           Plaintiffs,<br><br>vs.<br><br>HAMILTON MORTGAGE COMPANY, et al.,<br><br>           Defendants. | 8:13-CV-115<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on the Report and Recommendation of the United States Bankruptcy Judge (filing 21). In addition, the Court will, on its own motion, require the plaintiffs to file an amended complaint remedying defects in their allegations of subject matter jurisdiction.

WITHDRAWAL OF BANKRUPTCY COURT REFERENCE

      The United States Bankruptcy Judge has recommended that reference of this case to the Bankruptcy Court be withdrawn. Filing 21. No objections to that report and recommendation have been filed. The failure to file an objection eliminates not only the need for de novo review, but *any* review by the Court. *See Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609 (8th Cir. 2009). Accordingly, the Court will adopt the report and recommendation of the United States Bankruptcy Judge that the referral of this matter to the Bankruptcy Court be withdrawn as to the claims that are within the scope of the limited relief granted by the New York bankruptcy court as to lien priority and validity disputes. *See* filing 21.

      In particular, the plaintiffs may proceed with their claim for declaratory relief, and their claims for compensatory damages from the defendants other than the debtors, GMAC Mortgage and Homecomings Financial, LLC. But the plaintiffs' compensatory damage claims shall be stayed as to the debtors until the automatic stay is no longer in effect or relief from the automatic stay is requested and obtained from the appropriate bankruptcy court.

SUBJECT MATTER JURISDICTION

That is, the plaintiffs may proceed *if* this Court has jurisdiction over their claims. But the Court, on its own motion, notes defects in the plaintiffs' complaint (filing 1) that calls into question whether federal jurisdiction based on diversity of citizenship exists in this case. And the Court has an obligation to consider its subject matter jurisdiction where there is a reason to suspect that such jurisdiction is lacking. *See Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011).

Specifically, the plaintiffs' complaint must set forth a short and plain statement of the grounds for the Court's jurisdiction. Fed. R. Civ. P. 8(a)(1). The plaintiffs assert diversity jurisdiction pursuant to 28 U.S.C. § 1332. It is, therefore, their burden to plead, and if necessary, prove diversity. *Walker v. Norwest Corp.*, 108 F.3d 158, 162 (8th Cir. 1997). But their allegations are deficient in three respects.

First, they allege that they "are U.S. Citizens whose state of residence is Nebraska." Filing 1 at 2. But an allegation of "residency" is not the same as an allegation of "citizenship." *See, Walker*, 108 F.3d at 161-162; *Dale v. Weller*, 956 F.2d 813, 814-15 (8th Cir. 1992); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). In order to establish diversity jurisdiction, the plaintiffs must allege not just that they are "residents", but that they are citizens of or domiciled in Nebraska—or, at least, some State other than any of the defendants.

Second, the plaintiffs allege that defendant Edward Brink "is a Trustee, that works for South and Associates, PC in Nebraska." Filing 1 at 3. This obviously does not allege that Brink is not a citizen of Nebraska.[1] And the Supreme Court has consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the Court of original diversity jurisdiction over the entire action. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005); *see also Walker*, 108 F.3d at 161. In other words, if Brink is a citizen of Nebraska, and the plaintiffs are citizens of Nebraska, then diversity jurisdiction is lacking. So, in order to establish diversity jurisdiction, the plaintiffs must allege that each defendant is a citizen of a different State than each of the plaintiffs.

---

[1] The Court notes that in a Fed. R. Civ. P. 12(b)(1) motion, defendants Brink and South and Associates asserted that Brink is a citizen of and domiciled in Nebraska. Filing 15 at 1. But they presented no *evidence* to support that assertion, which they were permitted to do. *See Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008).

And third, complete diversity is also defeated by the 20 John Doe defendants that the plaintiffs have attempted to sue, because the plaintiffs have not alleged that they are citizens of some State other than the plaintiffs. Filing 1 at 3. And this Court has held that the presence of John Doe defendants destroys original diversity jurisdiction, because the Court cannot simply presume diversity is present and the proponent of jurisdiction cannot prove diversity without some indication of the Does' citizenship. *Payich v. GGNSC Omaha Oak Grove, LLC*, 2012 WL 1416693, at *3 (D. Neb. 2012), (citing *Howell by Goerdt v. Tribune Entertainment Co.*, 106 F.3d 215, 218 (7th Cir. 1997); *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55–56 (D.D.C.2004)). So, in order to establish diversity jurisdiction, the plaintiffs must allege that any John Doe defendants are citizens of different States than the plaintiffs.

As a result of these three defects, the Court has cause to question its jurisdiction. This "is not merely technical." *Dale*, 956 F.2d at 815. From the complaint, the Court cannot determine whether diversity jurisdiction exists, raising "serious concerns" that the Court is required to address. *See id.* But the plaintiffs are entitled to an opportunity to address those concerns. *See, id.*; *Sanders*, 823 F.2d at 216-17. So, the Court will afford the plaintiffs leave to amend their complaint. The plaintiffs shall file their amended complaint on or before July 29, 2013; otherwise, their complaint will be dismissed without prejudice.

IT IS ORDERED:

1. The report and recommendation of the United States Bankruptcy Judge (filing 21) recommending withdrawal of the reference is adopted.

2. This case is stayed as to GMAC Mortgage and Homecomings Financial, LLC., the parties in bankruptcy, until the stay is no longer in effect pursuant to 11 U.S.C. § 362, or relief from the automatic stay is requested and obtained from the appropriate bankruptcy court.

3. The debtors are directed to inform the Court every 60 days of the status of the bankruptcy proceedings.

4. The Clerk of the Court is directed to enter an initial status report deadline of September 6, 2013.

5. The plaintiffs shall file an amended complaint with the Court establishing an adequate basis for the Court's jurisdiction on or before July 29, 2013.

6. The Clerk of the Court is directed to enter an amended complaint deadline of July 29, 2013.

7. Should the plaintiffs fail to file a timely amended complaint, this case will be dismissed.

8. The defendants shall, pursuant to Fed. R. Civ. P. 15(a)(3), respond to the plaintiffs' amended complaint within 14 days of its service. Any defendant that previously filed a Fed. R. Civ. P. 12 motion may, by notice to the Court, stand on that motion as it relates to the amended complaint.

Dated this 8th day of July, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge

- 4 -